MATILDA L. KELLEY ET AL.

v.

G. F. HELMKAMP, EXECUTOR.

*Administration—Debts—Sale of Lands for Payment of—Petition by Heirs for—Citation of Executor—Will—Construction of.*

1. A sale of land by an executor under an order of court, is bound to be in conformity with the terms fixed by the order.

2. Where such sale 'has been made it will be presumed that the consider-ation has been received by the executor in accordance therewith.

3. Upon the petition of certain children of full age filed against the executor of their father's estate for a citation to show cause why he should not pay to each of them a sum named with interest, this court construes the will and holds that the time for the distribution of a balance named was not fixed thereby but was fixed by law, and that petitioners were entitled to their respective shares with interest from the day of the sale of certain land, to the time of filing their petition.

4. In the case presented, this court holds that a certain agreement entered into by the executor with the purchaser of certain land of the estate to extend the time of payment, thereby changing the terms upon which the property was ordered to be sold, was without authority; that said executor had no authority to bargain for the support of the minor children and bind them by such agreement, nor to apply any of the share of the purchase money or interest thereon belonging to the petitioners, to payment for their support and education, or for like support and education of the other heirs, and holds that the judgment for the defendant can not stand.

[Opinion filed September 11, 1891.]

In error to the Circuit Court of Madison County; the Hon. B. R. Burroughs, Judge, presiding.

Henry W. Helmkamp, the father of plaintiffs in error, died on February 23, 1879, leaving him surviving his widow, who was his second wife, the plaintiffs in error, children by his first wife, and three other children by his second wife. All these children were minors at the time of his death, and he died testate. His will is as follows:

"In the name of God, Amen. I, Henry W. Helmkamp, of the town of Moro, in the county of Madison and State of Illi-nois, being thirty-seven years of age and being of sound mind and memory, do make, publish and declare this, my last will and testament, in the manner following, that is to say: I give and bequeath to my wife, Catharine Louisa Helmkamp, all the entire benefit of all and everything I may possess and hold. To have the entire control of the same and hold the same during her natural life, with the following provisions, to wit: As long as the above named Catharine Louisa Helm-kamp, my aforesaid wife, will remain a widow, she to remain

in full possession of everything I possess; should she, how ever, become married again, then she is not to hold anything excepting her dowry in the premises. But at the time the youngest child becomes of age, the herein appointed administrator shall divide all and everything then under his supervision to each of my children, share and share alike. I furthermore appoint G. F. Helmkamp my administrator in this my last will and testament. He to take control of both real and personal property; to rent or lease all of my real estate as he thinks proper, and with the consent of my wife; to pay off all debts that have lawfully accrued or may accrue. Furthermore to dispose of all of my personal property which my widow does not wish to hold, according to the best of his judgment. And after all debts are paid, then to pay over to my said widow of the moneys on hand, according as the same are needed, and hereby revoking all former wills by me made."

The testator executed the instrument, published and declared the same to be his last will and testament, in the presence of witnesses who duly attested the same as required by law. This will was probated, and on March 3, 1879, letters testamentary were issued to appellee. On October 25, 1879, the widow renounced under the will, and on June 4, 1880, married Henry Duelm. On March 11, 1879, said executor filed an inventory of the real and personal estate of the testator, in which he fixed the value of the real estate, which was eighty acres of land unincumbered, at $2,400.

The appraisers awarded the widow $1,015. At the April term, 1881, said executor filed his petition in the Madison County Court to sell said real estate to pay debts. The said widow, then the wife of Henry Duelm, entered her appearance, waived service of process, and consented to an order of sale as prayed for. The children, who were then all minors, were served with process and answered by their guardian *ad litem* appointed by the court. On April 22, 1881, the County Court granted the prayer of the petition, and made an order directing the executor to sell the land to pay debts on the following terms : *One third of the purchase money to be paid on the day of sale, the balance in two equal payments in six*

*and twelve months thereafter.* Secured by mortgage *and bearing interest at six per cent per annum.* At the May term of said court, 1881, the executor reported *that in pursuance of said order,* and on May 28, 1881, he sold the land to Henry Duelm, who was the highest and best bidder at said sale, for $1,700. That said Henry Duelm is ready and willing *to comply with* the terms of sale, and asks that the, he executor, be authorized to execute a deed to said purchaser for said real estate; at the same term the court made the following order:

"And now on this day comes George F. Helmkamp, executor, etc., and makes report of sale on May 28, 1881, of the S. ½ of N. W. ¼ Sec. 23, Town 6, Range 8 west, for the sum of $1,700, and that said purchaser *has complied with the terms* of an order of sale heretofore made by this court; report approved and sale confirmed." Afterward at the same term the executor filed a final report, charging himself with total receipts as per report of March 26, 1881, $956.55, and receipts from sale of land $1,700, total $2,656.55, and asking to be credited with $1,832.50 (which includes widow's award $1,015,) and deducting $75.95 for his commissions, showing a balance in his hands, after payment of debts and expenses, of $900, and concludes said report by stating that of this amount the heirs would each receive $150, and that in order to realize as much as possible for said real estate and to save something for the children, he has agreed with the purchaser, Henry Duelm, to credit all interest to accrue on said $900, for the support of said children, as per agreement annexed. The agreement entered into May 30, 1881, sets out that whereas said Henry Duelm purchased the said land, describing it, at the executor's sale on May 28, 1881, and has executed his six notes for $150 each, to the executor for part of the purchase money, three of said notes payable in *ten years* and three in *seventeen years* from date with six per cent interest, and that whereas said Henry Duelm has agreed to raise, support, board, clothe and properly school and educate the children of Henry W. Helmkamp deceased, it is therefore agreed that said executor in consideration of the support, education, etc., of said children during their minority by said Henry Duelm, is to

annually credit the annual interest due on said notes, it being the true intent and meaning hereof that so long as Duelm properly takes care of, supports, clothes and educates the said minor children (*excepting the eldest two* now away from home) he is to pay no interest upon any of said notes until they become due." This agreement is signed: "Henry Duelm" "G. F. Helmkamp."

The following order was made on said report: "And now, on this day, comes G. F. Helmkamp, administrator, and presents final account, by which it appears that the total amount of money received by him is................................$2,656.55 Amount of claims paid by him as administrator...... 1,756.55

Leaving a balance for distribution among heirs......$ 900.00 Agreement between G. F. Helmkamp, the executor, of one part, and Henry Duelm, of the other part, of this date, as to support and education of minor children, and compensation therefor approved. Said agreement is on file." Afterward, on June 18, 1889, the plaintiffs in error, Matilda L. Kelley Anna C. and Edward W. Helmkamp, all of whom were of lawful age, filed their petition in the County Court of Madison County against the executor, defendant in error, for citation, to show cause why he should not pay to each of them $150, with interest. A hearing was had on this petition, the defendant appearing in person and by his attorneys, and the court found that there was in the hands of said executor, for distribution among the six heirs of said testator, the sum of $900, and ordered the executor to pay each of said petitioners $150, with six per cent interest thereon from May 30, 1881. From this order said executor appealed to the Circuit Court, where, upon a trial by the court, the petition was dismissed and judgment rendered against petitioners for costs, and they sued out this writ of error, and ask that the order and judgment of the Circuit Court be reversed.

Messrs. DALE & BRADSHAW, for plaintiffs in error.

Messrs. KROME & HADLEY, for defendant in error.

GREEN, J.   It is said in the brief of defendant in error that two questions are involved in this case : "1. Is the time for the distribution of the estate of the deceased fixed by his will, and, if so, has that time arrived?"  "2. Upon what basis is the distribution to be made?"  And, as we understand it, no other question is submitted for our consideration. From a careful examination of its provisions, we are convinced the testator at the time he made the will contemplated that his wife would not renounce under the will, or marry again, but would remain on the land with the children, cultivate so much thereof as she could profitably manage, and receive rent from the balance, and also so much of the surplus of the personal assets remaining after payment of debts, as she required for the support of the family.  The testator evidently believed there would be an overplus then left in the hands of his executor from the rent and personal assets, after means, as required by his widow, had been so furnished.  This overplus, accumulating each year, was *all and everything* intended by the testator to be distributed by his executor, under that clause of the will directing distribution to the children when the youngest child became of age.  The proceeds of the sale of the land were not intended by the testator to be under the supervision of his executor for distribution, as shown by any clause of the will evidencing such intent.  On the contrary no power is given to the executor to sell the land, but only the right to lease it by consent of the widow.

No sale of the land was contemplated or provided for by the testator.  The purpose and intent of the testator to keep the land intact and furnish means from rents and personal assets for the support of his widow and family was defeated. She renounced under the will, married again, and her widow's award, together with the debts, absorbed all the personal assets, leaving a deficiency, to pay which, the real estate, with her consent, upon the petition of the executor, was sold by the order of the County Court.  The balance of the proceeds of that sale after satisfying the deficiency was $900.  This belonged to the plaintiffs in error and the three other children, who were the owners in fee, and the time for the dis-

Kelley v. Helmkamp.

tribution of that balance was not fixed or affected by the will, but is fixed by the law, and plaintiffs in error were entitled to their respective· shares thereof, with six per cent interest thereon from the day of sale, to the time they filed their petition.    The executor sold the land by virtue of the order of the County Court, and he was bound to sell on the terms fixed by the order at the May term, 1881.    He reported to the court that *in pursuance of said order* and on *May 28, 1881*, he sold the land to Henry Duelm, the highest and best bidder, and that the said purchaser *was ready and willing to comply with the terms of sale*, and asks the court to authorize him, the executor, to execute deed to the purchaser.    On May 30, 1881, an order of court was made upon this report, in which it is stated, that on that day the executor appeared and made a·report of sale to Henry Duelm of said land for $1,700, and that said purchaser has complied with the terms of the order of sale, and report is approved and sale confirmed.

By the terms of that sale the purchaser was required to pay one-third of the purchase money on the day of sale, the balance in two equal payments in six and twelve months thereafter, with six per cent interest from day of sale, and secured by mortgage on the premises.    Hence, it was the duty of the executor to collect of the purchaser the cash and interest-bearing securities, according to the terms of the sale, and when he made the sale, in law, he is presumed to have received the cash payment and interest-bearing securities.    Moreover, the executor in his final report charges himself with the $1,700 receipts from sale of real estate, and reports $900 remaining in his hands belonging to the six heirs.    The agreement with Duelm, made on May 30, 1881, two days after said sale, whereby the time of the payment of this $900 is extended, one-half to ten years, and the other to seventeen years, without interest, changing the terms upon which the property was ordered to be sold, was without lawful authority. The order of sale had not been set aside, and the court had no power to affirm such agreement.    The executor had no power to bargain for the support of the minor children and bind them by such agreement, nor to apply any of the share of the

purchase money or interest thereon, belonging to the petitioners, to the payment for their support, maintenance and education, or for like support, maintenance and education of the other heirs. If the agreement is binding upon any one, it is binding upon G. F. Helmkamp and Henry Duelm, and does not relieve the former from his legal liability as executor to pay to plaintiffs in error their respective shares of the proceeds of the sale of said real estate, with interest thereon from the day of sale. The order and judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*